# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No.: 6:19-cr-00433-LSC-SGC |
| | ) |
| CHARIS MAPSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The case is before the court on Defendant Charis Mapson ("Defendant")'s Motion to Dismiss the indictment. (Doc. 92.) For the reasons stated below, Defendant's Motion to Dismiss is due to be denied.

## I. Procedural Background

On August 29, 2019, the United States charged Defendant and two co-defendants in a six-count indictment. (Doc. 1). The indictment asserted that the three defendants conspired to lure a former romantic partner of one of the defendants, along with his wife, to a gas station located in Walker County, Alabama, for purposes of murdering the two individuals. (*Id.* at 9). The indictment further asserted that the conspiracy culminated in one of the defendants shooting at the victims and wounding the male victim (who then fled from the crime scene). (*Id.* at 11).

All three defendants were charged with one count of criminal conspiracy in violation of 18 U.S.C. § 371, two counts of interstate domestic violence in violation

of 18 U.S.C. § 2261(a)(1) and (a)(2), two counts of interstate stalking in violation of 18 U.S.C. § 2261A(1) and (2), and one count of possessing a firearm in furtherance of a violent crime in violation of 18 U.S.C. § 924(c)(1)(A). The case proceeded to trial, which began on May 28, 2021.

During trial, witnesses for the government alleged that one of the defendants used an AR-15 during the commission of the shooting. Although testimony was presented to that effect, it came to the court's attention during trial that some potentially relevant evidence referenced by a witness was not provided to the federal authorities or the defendants. Namely, the federal government did not obtain the gas station's interior videotapes of the day of the shooting or various bullet fragments discovered at the crime scene. According to the government, the collected bullet fragments were not provided to the defense in advance of trial because local authorities did not provide these fragments to federal investigators (despite federal investigators' requesting all evidence from the Walker County Sheriff's Office). (Trial Transcript Day Two at 5).

One of Defendant's co-defendants moved for a mistrial on the grounds that (1) at least one of the recovered fragments was inconsistent with the government's theory that an AR-15 was used in the shooting, and (2) additional time was needed for the defense to examine the recovered fragments. (Trial Transcript Day Two at 20). The other defendants joined that motion. (*Id.* at 20–22). The court granted that

motion and declared a mistrial. (*Id.* at 26). Although the government indicated that the interior videotapes were likely no longer obtainable, the government informed the court that it would search for any additional copies of the interior videotapes, provide those tapes (if recovered) to the defendants, and provide the defendants with the recovered ballistics evidence. (Trial Transcript Day Two at 4, 23–25).

Separately, one defendant orally moved to dismiss the indictment on the grounds that the Fifth Amendment's Double Jeopardy clause prevented the case from being retried. (Trial Transcript Day Two at 27). The court denied that oral motion, set a new trial for July 19, 2021, and directed the defendants to file written motions to dismiss the indictment if they wished. (Doc. 91). Defendant Charis Mapson filed the pending Motion to Dismiss the indictment on June 4, 2021. (Doc. 92). And, on July 1, 2021, while that motion was pending and in response to a separate motion filed by the government, the court ordered the government to transfer the recovered ballistics evidence to an expert witness for the defendants. (Docs. 115, 116).

## II. Discussion

In the pending Motion to Dismiss the indictment, Defendant moves to dismiss the indictment on the basis that (1) any future trial would violate the Fifth Amendment's prohibition against double jeopardy, (2) the government failed its

disclosure obligations, and (3) the indictment improperly alleged misprision of a felony. (*Id.*). The court will address each of these arguments in turn.

### A. Double Jeopardy

First, Defendant invokes the Fifth Amendment's Double Jeopardy Clause and asserts that the indictment should be dismissed because those counts cannot be retried. (Doc. 92).

"The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." *United States v. Dinitz*, 424 U.S. 600, 606 (1976) (footnote omitted). Generally, the Fifth Amendment's Double Jeopardy Clause "attaches in a jury trial when the jury is empaneled and sworn." *United States v. Baggett*, 901 F.2d 1546, 1548 (11th Cir. 1990) (citing *Crist v. Bretz*, 437 U.S. 28, 98 (1978); *Downum v. United States*, 372 U.S. 734, 734–38 (1963)). But, even after double jeopardy protections attach, "the question remains whether, under the circumstances of the particular case, the Fifth Amendment dictates that the defendant not be retried." *Venson v. State of Georgia*, 74 F.3d 1140, 1145 (11th Cir. 1996).

Relevant here, a defendant can usually "be retried for the same offenses if during the trial, the defendant himself, or in conjunction with the prosecutor, requests a mistrial [that] is granted." *Baggett*, 901 F.2d at 1549 (citations omitted). But, a well-recognized (yet narrow) exception exists to this general principle.

4

"[W]here the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial[,] . . . a defendant [may] raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). Under that "narrow exception," a defendant may rely on the Fifth Amendment's Double Jeopardy Clause to prevent a retrial if "a prosecutor deliberately forced [the mistrial motion] on the defendant by creating the [underlying] error through intentional misconduct for the purpose of goading the defendant into asking for a mistrial." *United States v. Jordan*, 429 F.3d 1032, 1038–39 (11th Cir. 2005) (quoting *Kennedy*, 456 U.S. at 673). So, whether Defendant may invoke the Fifth Amendment's double jeopardy protections and prevent a retrial depends on whether the government deliberately forced Defendant and her co-defendants to move for a mistrial. *See Kennedy*, 456 U.S. at 675.

The procedural and factual record of this case indicate that the government's late disclosures did not amount to "intentional misconduct … goading" Defendant into moving for a mistrial. *Jordan*, 429 F.3d at 1039. In fact, the record indicates that the government repeatedly requested the missing ballistics evidence from the Walker County Sheriff's Office. (Day Two Trial Transcript at 1).[1] As such, the government's actions in this case do not amount to the intentional misconduct

---

[1] Even Defendant's counsel stated on the record that the government was "not [at] fault" for "not delivering [the ballistics evidence]." (Day Two Trial Transcript at 3).

required to dismiss the indictment under the Fifth Amendment. *See, e.g.*, *United States v. Sterba*, 22 F. Supp. 2d 1333, 1342–43 (determining the government "goaded" the defendant into moving for a mistrial when the government attempted to hide a key witness's identity by directing her to testify under a false name).

## B. The Government's Disclosure Obligations

Defendant Charis Mapson also maintains that the government failed to comply with its disclosure obligations when it did not provide her with "multiple pieces of crucial evidence." (Doc. 92 at 2). Specifically, Defendant asserts that "[al]though [other] evidence [ ] should have been produced by the government much earlier[,] the fragments of any bullet(s) . . . [are] at the very heart of this matter." (*Id.* at 1). Other than these bullet fragments, the only other evidence specifically referred to by Defendant are the "videos [that] have still not yet been produced." (*Id.* at 2).

The government must, upon a defendant's request, disclose to the defendant "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and if such item falls into one of the following three categories: (1) the item is material to preparing the defense, (2) the government intends to use the item in its case-in-chief, or (3) the item was obtained from or belongs to the defendant. FED. R. CRIM. P. 16(a)(1)(E). Although a court may dismiss an indictment due to the government's failure to comply with these disclosure

obligations, such a remedy is an "extreme sanction" that is permitted only "in extraordinary situations." *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979).[2] And a dismissal of the indictment as a sanction for the government's discovery misconduct is warranted only "if that misconduct actually prejudiced the defendant." *Id.* (citing *United States v. Acosta*, 526 F.2d 670 (5th Cir. 1976)).

Defendant provides no showing that the evidence allegedly withheld by the government falls into any of the three categories that can give rise to a Rule 16(a) disclosure violation.[3] But, even if she did make such a showing, she fails to satisfy the heavy burden required to justify dismissal of the indictment. Defendant provides no indication of how she has been prejudiced by the government's alleged failure to produce the video or ballistics evidence. Further, to the extent that Defendant could have suffered prejudice from the government's untimely disclosures, such prejudice has been eliminated by the court granting the defendants' oral motion for a mistrial and the government providing the collected ballistics evidence to the defendants. And it is only that ballistics evidence that defendants argued has value for the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the en banc Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] In particular, the missing videos and the rifle round likely do not fall into any of the Rule 16(a) categories. The videos likely did not show the shooting (Trial Transcript Day Two at 23), and the coat of paint on the rifle round indicates that it predated the shooting. Because these items (1) would not have been material to preparing the defense, (2) were not relevant to the government's case-in-chief, and (3) were not obtained from or belonged to Defendant, the government was under no obligation to disclose these items to Defendant or her co-defendants.

7

defense — namely, to disprove the government's theory that an AR-15 was used during the commission of the crime. (Trial Transcript Day Two at 20). But, because the Defendants now have the ballistics evidence in the possession of their expert in advance of the retrial (Doc. # 116), they cannot show that they has been prejudiced by the government's late disclosure of those ballistic fragments. *See Campagnuolo*, 592 F.2d at 865; *United States v. Coleman*, 382 F. Supp. 3d 1260, 1265 (M.D. Ala. 2019) ("The court further concludes that, even if there were a violation of the discovery deadline, dismissal of charges is too draconian a sanction since [the defendant] suffered no prejudice, especially since the later, new trial date . . . was set at his behest."). Accordingly, Defendant Charis Mapson cannot justify the extreme sanction she requests and her argument that the indictment should be dismissed because of a Rule 16 violation is without merit.[4]

### C. The Sufficiency of the Indictment

---

[4] Although the court construes Defendant's disclosure argument as arising under Rule 16, a similar argument could be made under the Due Process Clause. In *Brady v. Maryland*, 373 U.S. 83 (1983), the Supreme Court held that the Due Process clause prohibits "the suppression by the prosecution of evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Id.* at 87. Some courts have found that *Brady* violations "justify the court's exercise of its supervisory powers to dismiss the case with prejudice" if those violations are the result of the government's "flagrant misconduct" and cause "'substantial prejudice' to the accused." *United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020) (quoting *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993)). But, even if Defendant's disclosure argument was construed as asserting a *Brady* violation, her argument would still be without merit because she has not shown that the evidence allegedly withheld by the government is materially favorable to her guilt or punishment or that the government's conduct is so prejudicial that it warrants dismissal of the indictment.

Lastly, Defendant Charis Mapson maintains that the indictment charges six counts of "misprision of a felony in violation 18 U.S.C. § 4." (Doc. 92 at 3). According to the Defendant Charis Mapson, the indictment is deficient in alleging those six counts "and fails to state a misprision offense" because the indictment "omits witness weapons and an allegation of an affirmative act to conceal." (*Id.* at 4).[5]

It is somewhat difficult for the court to make sense of Defendant's argument. To prove a defendant violated 18 U.S.C. § 4, the government must show that the defendant "[had] both knowledge of a crime and [took] some affirmative act of concealment or participation [with regard to that crime]." *Branzburg v. Hayes*, 408 U.S. 665, 696 n.36 (1972) (citations omitted); *see* 18 U.S.C. § 4 (stating that a person commits misprision of a felony if that "[person] having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States"). But, none of the elements of 18 U.S.C. § 4 require the government to prove anything regarding "witness weapons."[6]

---

[5] Puzzlingly, although Defendant alleges "all six Counts" charge misprision of a felony, she also alleges that only "count two" is deficient. (Doc. 92 at 3–4). Ultimately, however, whether Defendant's sufficiency argument applies to all six counts or to only one count is irrelevant since the argument is without merit. (*Id.* at 4).
[6] The court assumes that Defendant's reference to "witness weapons" is the result of a word omission or a typographical error. Counsel is strongly encouraged to proofread their briefs before submission to the court.

This point aside, however, Defendant's argument fails for another reason. At no point does the indictment assert that Defendant committed a misprision offense, and the indictment does not even mention the criminal statute for misprision of a felony, 18 U.S.C. § 4. (Doc. 1). The indictment charges Defendant (along with the other co-defendants) with one count of criminal conspiracy, two counts of interstate domestic violence, two counts of interstate stalking, and one count of possessing a firearm in furtherance of a violent crime. (*Id.*). Accordingly, Defendant's argument that the indictment is deficient because it fails to properly allege a misprision offense fails for lack of merit.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (Doc. 92) is **DENIED**.

**DONE** and **ORDERED** on July 7, 2021.

_____
L. Scott Coogler
United States District Judge

203171