UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 6:19-cr-0433-LSC-SGC |
| ) | |
| ) | |
| CHARIS MAPSON, ) | |
| ) | |
| Defendant/Movant. ) | |

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION NOTWITHSTANDING THE VERDICT
OR IN THE ALTERNATIVE FOR NEW TRIAL**

**I.   Introduction**

The indictment in this case charged co-defendants and sisters Tierzah, Elisa, and Charis Mapson with conspiracy and five substantive offenses, as follows: Count 1) conspiracy to commit interstate domestic violence, interstate stalking, and discharge of a firearm in furtherance of a violent crime, that is, interstate domestic violence and stalking, in violation of 18 U.S.C. § 371; Count 2) traveling in interstate commerce with the intent to kill, injure, harass, or intimidate a spouse or intimate partner or dating partner and, in the course or as a result of such travel, commit a crime of violence against such person, in violation of 18 U.S.C. § 2261(a)(1); Count 3) causing a spouse, intimate partner or dating partner to travel in interstate

1

commerce by force, coercion, duress, or fraud and, in the course or as a result of such travel, commit a crime of violence against such person, in violation of 18 U.S.C. § 2261(a)(2); Count 4) traveling in interstate commerce with the intent to stalk another person, in violation of 18 U.S.C. § 2261A(1); Count 5) using the mail, any interactive computer service, or any other facility of interstate commerce, with the intent to stalk another person, in violation of 18 U.S.C. § 2261A(2); and Count 6) possessing a firearm in furtherance of a violent crime in violation of 18 U.S.C. § 924(c)(1)(A).

After a trial, on July 23, 2021, a jury convicted Tierzah Mapson on Counts 1, 2, 3, 4, and 5; Elisa Mapson on Counts 1, 4, and 5; and Charis Mapson on Counts 1, 4, and 5.

Presently before the Court is Defendant Charis Mapson's motion for judgment notwithstanding the verdict or in the alternative for a new trial. (Doc. 155.) Charis Mapson lists four reasons why the motion should be granted:

1. Evidence presented by the United States did not support the charges as contained in the Indictment . . . beyond a reasonable doubt;

2. The jury findings were inconsistent with the evidence, as Count 6 was not guilty yet no weapon was produced or proven yet they assigned a dangerous intent to the Defendant in Count 4E.

3. There was no evidence of the Defendant, Charis Mapson [sic] presence at the scene of the shooting;

    4.      The closing argument by Defendant Tierzah Mapson attorney's, Court [sic] Murtha in opening statements and Robbie [sic] Robinson in closing inferred guilt on the other two defendants which supported a severance of the trials.

(Doc. 155 at 1.) The Government has responded in opposition to the motion. (Doc. 161.) For the following reasons, the motion is due to be denied.

## II.    Standards

To rule on a request for judgment of acquittal, a court, viewing the evidence in a light most favorable to the Government and resolving all reasonable inferences and credibility determinations in the Government's favor, must determine if the evidence is sufficient to prove the elements of the counts of conviction beyond a reasonable doubt. *United States. v. Capers*, 708 F.3d 1286, 1296-97 (11th Cir. 2013).

"On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for

determination by another jury." *Id*. (internal quotations and citation omitted).

### III. Discussion

#### 1. *Charis Mapson's claim that the evidence did not support the charges in the Indictment*

Charis Mapson argues that the evidence did not support the charges in the Indictment. She is incorrect. The physical and digital evidence at trial consisted of, among other things, a bullet, bullet fragments, cell phone call logs, cell phone extractions, Google account documents, photographs, interstate traffic camera photographs, scene security video, and a recording of a statement from Charis Mapson. The Court received testimony from both victims, one victim's mother, a scene witness, multiple FBI agents, several local law enforcement witnesses, two forensic firearms experts, a forensic psychologist, and multiple other witnesses. Testimony and evidence regarding cell phone activity, text messages, digital notes, and maps showing coordinated travel provided a basis for the jury to conclude that there was a conspiracy between Charis Mapson and her co-defendant sisters to commit the charged crimes. Accordingly, this claim is due to be denied under either standard.

#### 2. *Charis Mapson's claim that the jury's findings on Counts 4 and 6 were inconsistent*

Charis Mapson argues that there is a conflict between her not guilty verdict on Count 6 for use of a firearm during a crime of violence, as well as the Government's failure to introduce a weapon into evidence, and the jury's finding that that she used a dangerous weapon in connection with her stalking convictions in Counts 4 and 5.

As an initial matter, the Government was not required to offer the actual weapon into evidence. Further, there is no conflict warranting an acquittal or new trial here. Count 6, use of a firearm during a crime of violence, requires the commission of a crime of violence. In this case, the Indictment charged, in Counts 2 and 3, interstate domestic violence, as the "crime of violence" for purposes of the 18 U.S.C. § 924(c) charge in Count 6. On Counts 2 and 3, the jury found Charis Mapson not guilty. Consequently, the jury could not then find her guilty on Count 6.

Under Counts 4 and 5, the jury convicted Charis Mapson of stalking, in violation of 18 U.S.C. § 2261A(1) and (2). The verdict form, unobjected to by the parties, included a special interrogatory that was triggered if the jury found Charis Mapson guilty of stalking under Counts 4 and 5. That question asked the jury to make a finding of whether she used a "dangerous weapon" during the offense. Those interrogatories were included for a potential dangerous weapon enhancement under

the guidelines. The jury found that she did in fact use a dangerous weapon in connection with the stalking offenses.

An affirmative finding that a dangerous weapon was used in committing one crime does not preclude a not guilty verdict on another alleged crime involving a firearm.[1] Further, jury verdicts are "'insulated from review' on the ground that they are inconsistent." *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998). "[A]s long as the guilty verdict is supported by sufficient evidence, it must stand, even in the face of an inconsistent verdict on another count." *Id.* Accordingly, this claim is due to be denied.

### 3. *Charis Mapson's claim that no evidence put her at the scene of the shooting*

Charis Mapson next argues that there was no evidence placing her at the scene of the shooting. She is again incorrect. The Government put on evidence of Charis Mapson's cell phone tower connections showing a trip from Tulsa, Oklahoma, beginning on June 17, 2018, with the phone's arrival in Walker County, Alabama, before midnight that night. Tower connections further showed the phone's presence and contacts with Charis Mapson's co-defendants on the day of the shooting.

---

[1] Additionally, the jury could not convict Charis Mapson of violating 18 U.S.C § 924(c) with stalking as the predicate crime because the United States Supreme Court ruled that § 924(c)'s residual clause defining "crime of violence" was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

Rebecca Hankinson's testimony also put that phone in Charis Mapson's hand after the shooting as the phone (and Mapson) traveled away from the scene in Alabama. Accordingly, the evidence contradicts this claim.

### 4. *Charis Mapson's claim that the court should have severed the trials*

Tierzah Mapson presented evidence of a psychological diagnosis of dependent personality disorder resulting in her reliance on her family for making decisions. Her counsel argued that point with the presumed goal of convincing the jury that Tierzah Mapson relied on her family to such a degree that she could not form the requisite intent to be guilty of the charged crimes. As such, Charis Mapson argues that the court should have severed her trial from Tierzah Mapson's due to their contradictory defenses.

The permissibility of joint trials is governed by Rule 8 of the Federal Rules of Criminal Procedure. Rule 8(b) states that two or more defendants may be charged in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). They promote efficiency and "serve

the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. at 210.

However, Rule 14(a) recognizes that joinder may prejudice a defendant and thus states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When confronted with a Rule 14(a) motion, district courts should balance prejudice to the defendants against the interests of judicial economy. *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004).

In *Zafiro*, the Supreme Court established a two-part test for determining whether a defendant is entitled to a new trial due to a district court's refusal to sever prior to trial or to grant a mistrial once trial has commenced. First, a defendant must demonstrate that she was prejudiced by a joint trial, as required by Rule 14. 506 U.S. at 538. However, the Supreme Court clarified that "[m]utually antagonistic defenses are not prejudicial *per se*." *Id*. Second, the court should grant a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

Charis Mapson has not demonstrated that she was prejudiced by the joint trial, that she had any of her trial-related constitutional rights violated by the joint trial, or that the jury was unable to make a reliable judgment about her guilt or innocence. *See Blankenship*, 382 F.3d at 1127 (rejecting claim that trial court erred in denying motion to sever trials on basis of contradictory defenses). Accordingly, the claim is denied.

## IV. Conclusion

For the aforementioned reasons, Charis Mapson's motion for a judgment notwithstanding the verdict or for a new trial (doc. 155) is hereby **DENIED**.

**DONE** and **ORDERED** on September 21, 2021.

_____
L. Scott Coogler
United States District Judge

160704